# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **F.J.V.R.,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **Civil Action No.** |
| **v.** | ) | **26-cv-12525-FDS** |
| | ) | |
| **ANTONE MONIZ, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## MEMORANDUM AND ORDER ON PETITION
## FOR WRIT OF HABEAS CORPUS

**SAYLOR, J.**

This is a habeas petition that concerns the government's authority to hold a noncitizen

pending removal proceedings.[1]  Petitioner F.J.V.R. is a citizen of Honduras who unlawfully

entered the United States as an unaccompanied minor in 2021.  On October 17, 2023, he was

granted deferred action, which provided certain protections from removal from the country for

four years, until October 17, 2027.  On May 22, 2026, he was arrested in Framingham,

Massachusetts, in connection with a motor vehicle incident.  On June 3, 2026, he was taken into

---

[1] The petition names Ralph Mattivelo, Superintendent, Plymouth County Correctional Facility; David Wesling, Acting Field Office Director, U.S. Immigration and Customs Enforcement; David Venturella, Acting Director, U.S. Immigration and Customs Enforcement; and Markwayne Mullin, U.S. Secretary of Homeland Security, as respondents.  Respondents contend that Antone Moniz is the proper respondent at Plymouth County Correctional Facility.  Pursuant to Federal Rule of Civil Procedure 25(d), Antone Moniz is substituted for the currently named Ralph Mattivelo.

The Court notes Moniz, as "the person who has custody over [the petitioner]," is the only proper respondent.  28 U.S.C. § 2242; *see Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000) ("[A]n alien who seeks a writ of habeas corpus contesting the legality of his detention by the INS normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained."); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[I]n habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.").  David Wesling, David Venturella, and Markwayne Mullin are national officials and have no direct supervision over ICE detainees in Massachusetts.  The Court will therefore dismiss the claims against those respondents.

ICE custody.

Petitioner contends that the *de facto* revocation of his deferred action violates the preliminary injunction in *Immigration Ctr. for Women & Child v. Noem*, 2026 WL 1455004 (C.D. Cal. May 20, 2026), and that his continued detention without a bond hearing violates his Fifth Amendment substantive and procedural due-process rights.  He seeks immediate release or, in the alternative, an individualized bond hearing.

## I.      Background

F.J.V.R. is a citizen of Honduras.  (Dkt. No. 1 ¶ 25).  At some point, his mother applied for a U visa.  A U visa is available for victims of certain crimes (and qualifying family members) who assist law enforcement in the investigation or prosecution of criminal activity.[2]  On April 30, 2018, his mother submitted a U visa application on F.J.V.R.'s behalf as a qualifying family member.  (Dkt. No. 1 ¶ 28).

On December 2, 2021—before his U visa application had been acted upon—he unlawfully entered the United States as an unaccompanied minor.  (*Id.* ¶ 26).  At some point, he was apparently encountered by immigration officers.  He was issued a notice to appear in immigration court and released.  (*Id.*; Dkt. No. 1-3).  He then moved to Framingham, Massachusetts.  (Dkt. No. 1 ¶ 6).

On October 17, 2023, U.S. Citizenship and Immigration Services determined that his application for a U visa was *bona fide* and granted him deferred action for four years—that is, until October 17, 2027.  (*Id.* ¶ 30; Dkt. No. 1-4).

F.J.V.R. graduated from high school in 2024.  (Dkt. No. 1 ¶ 6).  He is currently employed

---

[2] *Victims of Criminal Activity: U Nonimmigrant Status*, U.S. CITIZENSHIP AND IMMIGR. SERVS., https://www.uscis.gov/humanitarian/victims-of-criminal-activity-u-nonimmigrant-status [https://perma.cc/WYP3-ALR6].

as a fence builder.  (*Id.* ¶ 32).

On May 20, 2026, United States District Court Judge Andre Birotte, Jr., of the Central District of California, issued an order in *Immigration Ctr. for Women & Child v. Noem*, No. 2:25-cv-09848, 2026 WL 1455004 (C.D. Cal. May 20, 2026) (herein "*ICWC v. Noem*") certifying nationwide classes and enjoining ICE from removing protections for certain deferred-action recipients.  The deferred action class includes "[a]ll individuals to whom USCIS has granted deferred action based on a pending U or T visa petition and who, during the authorized period of deferred action, ICE detains, seeks to detain, or removed without providing notice and an opportunity to be heard regarding potential revocation of their deferred action status."  *Id.* at *19.

On May 22, 2026, F.J.V.R. was arrested by Framingham police officers and charged with a marked lane violation, driving an unregistered and uninsured motor vehicle, failing to stop for police, and resisting arrest.  (*Id.* ¶ 33).  That case is ongoing.  (*Id.*).

On June 3, 2026, F.J.V.R. was taken into custody by ICE.  (*Id.* ¶ 35).

The next day, he filed, through counsel, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Dkt. No. 1).  The petition contends that the *de facto* revocation of his deferred-action status violates the preliminary injunction in *ICWC v. Noem*, and that his continued detention without a bond hearing violates his Fifth Amendment substantive and procedural due-process rights.

Later that day, this Court ordered that petitioner not be moved outside this District without prior notice until further order of the Court.  (Dkt. No. 7).  Respondents were further ordered to address whether, in light of this Court's decision in *De Andrade v. Moniz*, 2025 WL 2841844 (D. Mass. Oct. 7, 2025) and *Dume Rivera et al. v. Moniz*, 2025 WL 3198419 (D. Mass.

Oct. 16, 2025), petitioner here was entitled to the same relief.  (*Id.*).

On June 11, 2026, respondents answered the petition.  (Dkt. No. 10).  They concede that "the legal issues presented in this Petition are similar to those recently addressed by this Court in *Dume Rivera*," and "[s]hould the Court follow its reasoning in *Dume Rivera*, it would reach the same result here."  (*Id.* at 1).  They do not contend that petitioner is subject to detention under 8 U.S.C. § 1226(c), which mandates detention for noncitizens charged with certain offenses.

## II.    Analysis

For the reasons discussed in the Court's decision in *De Andrade v. Moniz*, 2025 WL 2841844 (D. Mass. Oct. 7, 2025) and *Dume Rivera v. Moniz*, 2025 WL 3198419 (D. Mass. Oct. 16, 2025), and those of hundreds of other courts across the country, *Barco Mercado v. Francis*, 2025 WL 3295903, at *4, app. A (S.D.N.Y. Nov. 26, 2025) (collecting 350 cases decided by more than 160 different judges), noncitizens who unlawfully entered the United States but have resided in the country for some time are ordinarily subject to discretionary detention under 8 U.S.C. § 1226(a), not mandatory detention under 8 U.S.C. § 1225(b).  *See Cunha v. Freden*, 2026 WL 1146044 (2d Cir. April 28, 2026); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).  Thus, because the government has not proffered an alternative authority for detention, to the extent that the government has such lawful authority, it must be under § 1226(a).

Due process entitles a § 1226(a) detainee to a hearing in which the government must "either (1) prove by clear and convincing evidence that [the detainee] poses a danger to the community or (2) prove by a preponderance of the evidence that [he] poses a flight risk." *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021).  Due process therefore requires that petitioner be granted a bond hearing in which the government bears the burden of proof.  *See id.*;

4

*see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1)) (explaining that "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention").  His continued detention without a bond hearing is "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3).  The Court will therefore grant his petition to the extent that it seeks a constitutionally adequate bond hearing.[3]

Petitioner also contends that he is entitled to relief as a member of the class certified in *ICWC. v. Noem*, 2026 WL 1455004 (C.D. Cal. May 20, 2026).  It is not clear what effect, if any, that non-final order has in this proceeding, and whether this Court has the authority to enforce it. *See J.R.S.B. v. Olson*, 2026 WL 1481267, at *4 n.5 (N.D. Ind. May 27, 2026) (noting that another court's non-final order is not subject to preclusive effect and declining to grant relief on the basis of *ICWC*'s preliminary injunction); *Choto v. Ladwig*, 2026 WL 1652576, at *1 (W.D. La. June 8, 2026) (same).  In any event, because the Court has determined that petitioner is entitled to a bond hearing, at this stage it does not reach the issue of whether he may be detained notwithstanding being an apparent member of the *ICWC* class.

### III.    Conclusion and Order

For the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED.  Respondents are hereby ORDERED to either release petitioner or provide him a constitutionally adequate bond hearing no later than June 24, 2026.  Petitioner's request for an order regarding the conditions of release is DENIED without prejudice to its renewal.  The

---

[3] Petitioner further asks the Court to order respondents to release petitioner with his personal documents and under conditions that enable his safe return home.  Petitioner has not shown that, in this District, it is likely that he would be released without his property or under conditions that would imperil his well-being such that judicial intervention is warranted here.  At this time, the Court will deny petitioner's request for an order concerning the conditions of his release without prejudice to its renewal on a more complete record.

claims against respondents David Wesling, David Venturella, and Markwayne Mullin are DISMISSED.

**So Ordered.**

<table>
<tr><td></td><td>/s/  F. Dennis Saylor IV</td></tr>
<tr><td></td><td>F. Dennis Saylor IV</td></tr>
<tr><td>Dated:  June 18, 2026</td><td>United States District Court Judge</td></tr>
</table>