**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **F.J.V.R.,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**ANTONE MONIZ,**<br><br>**Respondent.** | **Civil Action No.**<br>**26-12525-FDS** |

**MEMORANDUM AND ORDER ON**
**MOTION TO ENFORCE JUDGMENT**

**SAYLOR, J.**

On June 18, 2026, the Court granted the petition of F.J.V.R. for a writ of habeas corpus and ordered respondent to "either release petitioner or provide him a constitutionally adequate bond hearing no later than June 24, 2026." (Dkt. No. 11, at 5). Pursuant to that order, an Immigration Judge ("IJ") held a bond hearing on June 22, 2026. The IJ denied bond: first, in an oral pronouncement, concluding that petitioner posed a flight risk; second, by checking a box in a form order, concluding that he posed a danger to the community; and finally, in a subsequent written order, again concluding that he posed a flight risk. (Dkt. No. 18-3; Dkt. No. 18-4).

On July 2, 2026, petitioner filed a motion to enforce, arguing that respondent had failed to "provide him a constitutionally adequate bond hearing" as the Court's order required. (Dkt. No. 14). He also timely appealed the IJ's decision to the Board of Immigration Appeals; that appeal is apparently ongoing. (*See* Dkt. No. 18-4, at 1).

Respondent did not file an opposition to the motion to enforce within fourteen days, as required by Local Rule 7.1(b)(2). On July 14, 2026, petitioner filed a motion to expedite. (Dkt.

No. 16). Respondent again failed to file an opposition, timely or otherwise.

On September 10, 2026, the Court *sua sponte* ordered that "[t]he responses to the pending motions (D. 14; D. 16) are due on or before September 24, 2026," and directed respondent to submit the record from the bond hearing. (Dkt. No. 17). In response to that order, respondent submitted the audio recording of the bond hearing, the record evidence before the IJ, and the IJ's subsequent (contradictory) decisions. (Dkt. No. 18). That response again contained no substantive opposition or response to the pending motions. *Id.*

The motion to enforce (Dkt. No. 14) is GRANTED. (Dkt. No. 14). Respondent has waived any argument in opposition to the motion to enforce by failing to respond to the petition, despite a *sua sponte* extension in his response deadline. Furthermore, and in any event, having carefully considered the parties' submissions, the Court concludes that the June 22 hearing failed to comply with the Court's prior order. (Dkt. No. 11). The Court is not the first to reach this conclusion under similar circumstances. *See, e.g.*, *Atariguana-Buele v. Warden, Plymouth Corr. Facility*, 2026 WL 1825934, at *3 (D. Mass. June 25, 2026) (collecting cases).

The Court's prior order directed respondent to "either" (1) "release petitioner" or (2) "provide him a constitutionally adequate bond hearing no later than June 24, 2026." (Dkt. No. 11, at 5). Respondent failed to do either. Accordingly, respondent is hereby ORDERED to release petitioner from custody immediately—that is, no later than today, October 1, 2026, at 6:00 p.m.

This Order is without prejudice to the ability of ICE to require petitioner to comply with reasonable conditions of supervision upon his release, provided such conditions are identified and imposed within seven days of this Order (that is, by October 8, 2026). Respondent shall file

a status report, on or before October 8, 2026, detailing his compliance with this Order.

The motion to expedite is DENIED as moot. (Dkt. No. 16).

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated: October 1, 2026